IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-10931
Summary Calendar
_____

CLEVE E. SAPP,

Plaintiff-Appellant,

v.

POWER COMPUTING COMPANY; MCDERMOTT, INC.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(3:94-CV-2518-R)
_____

April 23, 1996

Before KING, JOLLY, and PARKER, Circuit Judges.

PER CURIAM:[*]

Cleve E. Sapp filed suit in federal district court in Dallas against Power Computing Company ("PCC") and its corporate parent, McDermott Incorporated ("McDermott"), alleging that his employment with PCC was terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. §21.001 et seq. Upon completion of most of the discovery, PCC and McDermott filed a motion for summary judgment. After Sapp filed his response, the

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

district court granted summary judgment for the defendant.  Sapp timely appealed.

The district court properly found, on the basis of the summary judgment evidence, that Sapp had established a prima facie case of age discrimination and that PCC had met its minimum burden of producing a legitimate, nondiscriminatory reason for his discharge: during a reduction in force at PCC, Sapp was compared with other individuals to determine who would occupy the slots remaining after the reduction in force and Sapp was found to be the least qualified and therefore terminated.  Sapp's appeal focuses on whether the district court was correct when it determined that the evidence that Sapp produced was not sufficient to allow a jury to find that this reason was a mere pretext for age discrimination.  Sapp attempted to show in the district court, and argues on appeal, that the rationale articulated by PCC for the decision to discharge him was not the true reason by arguing that the decision was a poor one, i.e., that Sapp was as qualified or more qualified than some of the others with whom he was compared.  As PCC correctly argues, however, a fact finder may infer pretext only if it finds that "the employee was `clearly better qualified' (as opposed to merely better or as qualified) than the employees who are selected [for a job opening]."  EEOC v. Louisiana Office of Community Services, 47 F.3d 1438, 1445 (5th Cir. 1995).  We have reviewed the evidence proffered by Sapp, consisting mainly of his own subjective evaluation of the relative qualifications of the

employees at issue, and we agree with the district court that it does not rise to that level.

Sapp argues that the district court improperly relied on Sapp's lack of direct evidence of age discrimination. We have reviewed the district court's opinion with care, and we find no such reliance. In the interval since the district court's decision, this court has issued its en banc decision in <u>Rhodes v. Guiberson Oil Tools</u>, 75 F.3d 989 (5th Cir. 1996) (en banc), and the district court's opinion in this case fares well under the rationale adopted in <u>Rhodes</u>.

The judgment of the district court is AFFIRMED.